a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ADAM S. RODRIGUEZ, Plaintiff | CIVIL DOCKET NO. 1:20-CV-936-P |
| VERSUS | JUDGE DRELL |
| J. BALTAZAR, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court is a Complaint (ECF No. 1) filed by *pro se* Plaintiff Adam S. Rodriguez ("Rodriguez"). Rodriguez is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He names as Defendants the United States of America, J. Baltazar, Officer Poche, Officer Dennie, Lt. Scarber, Mr. Pace, Mr. Cordova, Ms. Fontenot, Nurse Rhodes, Nurse Koon, Nurse Practitioner Smith, and Ms. E. Early.

Because Rodriguez does not provide sufficient factual allegations to support his claim, he must AMEND the Complaint (ECF No. 1).

### I. Background

Rodriguez alleges that slipped and fell due to a water leak in his cell. ECF No. 1 at 3. Rodriguez alleges that he suffered a "busted head, major back and neck pains, and ear symptoms popping noises." ECF No. 1 at 3.

Rodriguez states that he was refused emergency treatment by Nurse Rhodes and was instructed to fill out a sick call instead. ECF No. 1 at 3. Rodriguez alleges that he notified Officers Poche and Dennie about the water leak. ECF No. 1 at 3.

Rodriquez seeks monetary damages for the denial of medical care and negligence, and asks that the Court order Defendants to provide him with medical care, including an x-ray of his neck and back. ECF No. 1 at 4.

## II. Instructions to Amend

To the extent that Rodriguez seeks relief under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*[1], he must amend his Complaint to allege deliberate indifference to his serious medical needs by each Defendant. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Rodriguez alleges that Nurse Rhodes told him to fill out a sick call, which Nurse Koon "accepted." ECF No. 1 at 3. Rodgriquez must amend his Complaint to state what medical care he was provided after Nurse Koon accepted his sick call. He should also state what, if any, medical care he requested thereafter, including each

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

date on which he submitted subsequent sick calls. As to each date, Rodriguez must state whether he was examined by a nurse or other medical professional, who examined him on each occasion, and what treatment was provided.

Rodriguez must also state what each named Defendant did that allegedly violated any other constitutional rights.

Finally, Rodriguez shall specify what injury he allegedly suffered because of the denial of medical care.

To the extent Rodriguez attempts to state a tort claim for negligence against the United States, he must show that he properly exhausted the claim under the Federal Tort Claims Act ("FTCA"). *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996).

Rodriquez allegedly filed administrative grievances on BP-8 and BP-9 forms. ECF No. 1 at 3. He should provide copies of those grievances as well as any responses received.

### III. Conclusion

Because Rodriguez does not provide sufficient factual information to support his claims, IT IS ORDERED that Rodriquez AMEND his Complaint (ECF No. 1) within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Wednesday, September 9, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE